UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Daniel S.,                                      File No. 26-cv-338 (ECT/ECW)

           Petitioner,

v.                                               **OPINION AND ORDER**

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; and Eric Tollefson, *Sheriff of Kandiyohi County*,

           Respondents.

---

Kira Aakre Kelley, Climate Defense Project, Minneapolis, MN, for Petitioner Daniel S.

Ana H. Voss,[1] United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, David Easterwood and Eric Tollefson.

---

        Petitioner Daniel S. is an Ecuadorian citizen who has lived in the United States since August 2023,[2] when he entered the country without inspection. Pet. [ECF No. 1] ¶¶ 13–

---

[1]     The response brief was signed by Sarah Hogfoss on behalf of the United States Attorney's Office. *See* ECF No. 5 at 9. Ms. Hogfoss has not filed a notice of appearance in this case. *See* Dkt.

[2]     The Petition states that Daniel "has lived in the United States since August 7, 2023," Pet. ¶ 13, but a declaration filed with Respondents' response brief states that Daniel "was first encountered by United States Border Patrol (USBP) on or about August 1, 2023," ECF No. 6 ¶ 4. The specific day that Daniel arrived in August 2023 does not impact the legal analysis here.

14; *see* ECF No. 6 ¶ 4.  According to Respondents'[3] deportation-officer declarant, Daniel "was first encountered by United States Border Patrol (USBP) on or about August 1, 2023, at or near San Luis, AZ."  ECF No. 6 ¶ 4.  "USBP determined that [Daniel] had entered the U.S. without inspection or admission by an immigration officer and served him a Notice and Order of Expedited Removal, Form I-860."  *Id.*  "[Daniel] claimed fear of returning to Ecuador and was referred to the asylum office for an interview."  *Id.*  "On August 7, 2023, it was determined that [Daniel's] fear claim was credible and a Notice to Appear, Form I-862 was issued."  *Id.* ¶ 5.  Daniel "was then released on his own recognizance."  *Id.*  "On January 27, 2025, [Daniel] filed an Application for Asylum and for Withholding of Removal, Form I-589."  *Id.* ¶ 6; *see also* Pet. ¶ 14.  "The Department of Homeland Security approved employment authorization for [Daniel] in July 2025 . . . ."  Pet. ¶ 15.  Daniel's "application for asylum is pending*."*  *Id.* ¶ 14.  "He has presented at court dates, and has a hearing scheduled January 15, 2026."  *Id.* ¶ 15.  According to the Petition, "[b]ased upon knowledge at the time of filing, including a public search of the Minnesota Records Online, [Daniel] has a spotless criminal record."  *Id.* ¶ 17.  Though the date and location he was taken into custody is unclear, Daniel was detained as part of Operation Metro Surge.  *See* Pet. ¶ 18 (stating that Daniel was detained "[o]n or about January 13, 2026" while "at a job site of a hotel under construction in New Richmond, WI"); ECF No. 6 ¶ 7 ("On December 27, 2025, ICE encountered [Daniel] in Minnesota during Operation Metro Surge and arrested him.").  The individuals arresting Daniel "provided no warrant."  Pet. ¶ 18.

---

[3]   When used in this Order, "Respondents" refers to the federal officials named as Respondents.  Respondent Eric Tollefson, the Kandiyohi County Sheriff, has not appeared in these proceedings.

As of January 17, 2026, Daniel "is . . . being housed at the Kandiyohi County Jail in Willmar, [Minnesota]," with his "next court date" on January 22, 2026." ECF No. 6 ¶ 7.[4]

Here, Daniel challenges his detention under 28 U.S.C. § 2241. Pet. ¶ 2. He claims he has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226 detainee (whose detention is discretionary and who is entitled to a bond hearing). *Id.* ¶¶ 32–36, 45–47; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Daniel, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, 8 U.S.C. § 1226(a), and the Administrative Procedure Act. *See* Pet. ¶¶ 37–54. He seeks issuance of a writ of habeas corpus ordering Respondents to release him from custody or set a bond hearing for him pursuant to 8 U.S.C. § 1226(a), and an order enjoining his removal or transfer out of the District of Minnesota during the pendency of this case. Pet. at 16.

Respondents, "acknowledg[ing] that this case presents similar legal and factual issues to prior habeas petitions," maintain that Daniel is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and they argue that the petition fails on the merits as a matter

---

[4] Neither party provided the Court with Daniel's Notice to Appear or the other paperwork we've usually received in these cases. In this case, it doesn't matter. In their response to Daniel's habeas petition, Respondents did not contest any of the facts alleged in the Petition. *See* ECF No. 5 at 1–2.

of statutory interpretation.[5]  ECF No. 5 at 3.  Courts in this District have repeatedly considered and rejected Respondents' argument, and it will be rejected here as well.

Daniel has shown he has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).  As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025).  Daniel

---

[5]  Respondents do not challenge this Court's subject-matter jurisdiction to consider Daniel's petition.  *See* ECF No. 5.  Nonetheless, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)."  *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

has lived in the United States for more than two years. His detention falls under § 1226[6] and not § 1225(b)(2).[7]

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437-SDN, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479-SDN, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023). Here, Daniel alleges that agents "provided no warrant" when he was arrested. Pet. ¶ 18. Respondents

---

[6]   Respondents do not argue that Daniel is subject to mandatory detention under 8 U.S.C. § 1226(c).

[7]   The resolution of this statutory-interpretation question in Daniel's favor makes it unnecessary to address the Petition's remaining grounds.

have not produced any warrant, nor have they advanced any specific argument that Daniel's release is an unwarranted remedy.  *See* ECF No. 5.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate."  Order on Petition for Writ of Habeas Corpus, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).  "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings."  *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (same); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention.  The typical remedy for such detention is, of course, release." (citation modified)).

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Daniel S.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

6

2.      Respondents shall release Petitioner from custody as soon as practicable, but no later than 48 hours from the entry of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 20, 2026, at 5:55 p.m.        s/ Eric C. Tostrud
                                                                          Eric C. Tostrud
                                                                         United States District Court